

# The Attorney General of Texas

May 17, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. Lewis
Speaker of the House
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78711

Opinion No. JM-32

Re:  May a legislator accept a teaching position at a public institution of higher education if the compensation paid therefor is derived from private funds donated to the university

Dear Speaker Lewis:

Your letter requesting an opinion of this office reads:

> A member of the Texas House of Representatives is interested in a part-time instructor's position with a component of the University of Texas System.  He would be compensated out of private funds donated to the University.  I respectfully ask your opinion on the following:

> May a member of the Texas House of Representatives teach on a part-time basis at a state funded university, if he is compensated from private funds donated to the university?

In a follow-up letter you advise:

> With regard to the above referenced opinion request it is my understanding that the member of the Texas House of Representatives will receive compensation from his teaching activities from a foundation or institution separate from and unconnected with the University of Texas at Tyler.

The concluding sentence of article XVI, section 40, of the Texas Constitution reads:

> No member of the Legislature of this State may hold any other office or position of profit under

> this State, or the United States, except as a
> notary public if qualified by law.

This language was added in 1972.

In Attorney General Opinion MW-403 (1981), after noting that a different construction of the language would render section 40 internally inconsistent, this office concluded that the provision would not prevent a legislator from holding any additional military office or soil and water conservation district office. This results because another part of section 40 specifies that "nothing in this Constitution" shall be construed to prohibit military officers or officers of soil and water conservation districts from "holding at the same time any other office or position of honor, trust or profit."

If the legislator serves the university strictly as a volunteer, being neither paid nor formally employed by it, we do not believe this provision will be violated. The source of the legislator's income would then be immaterial unless its receipt were conditioned on his continued assignment by the university. See Educ. Code §§76.01, 76.05, 65.36; Attorney General Opinion MW-373 (1981).

### S U M M A R Y

> A member of the Texas House of Representatives may volunteer his services as a part-time instructor at a state funded university without violating article XVI, section 40, of the Texas Constitution.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas